FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

FILED
U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS

DEC 2 2 2003

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
_____Pine Bluff_____ DIVISION

Mark W. Singson #90695
Lewis Brooks 119563
(Enter above the full name of
the plaintiff in this action.)
Tim Wright 118776

Social Security No. 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

Prisoner ID No. 90695

v.                                    CASE NO. 5:03CW00477
                                                    HLJ

James Byers

Warden Luckett

Warden Lay

(Enter above the **full** name of
defendant, or defendants, in
this action.)

This case assigned to District Judge _____
and to Magistrate Judge _____

I.    Previous Lawsuits

      A.    Have you begun other lawsuits in state or federal court
            dealing with the same facts involved in this action?

            Yes _____        No  X

      B.    If your answer to A is yes, describe each lawsuit in the
            space below including the exact plaintiff name or alias
            used.  (If there is more than one lawsuit, describe the
            additional lawsuits on another piece of paper, using the
            same outline.)

            1.    Parties to this lawsuit

                  Plaintiffs:_____

                  _____

                  Defendants:_____

                  _____

            2.    Court (if federal court, name the district; if
                  state, name the county: _____

                  _____

-1-

3.   Docket Number: _____

4.   Name of judge to whom case was assigned: _____

5.   Disposition (for example:  Was the case dismissed?
     Was it appealed?  Is it still pending?_____

6.   Approximate date of filing lawsuit: _____

7.   Approximate date of disposition: _____

II.  Place of Present Confinement: _____

_____

III. There is a written prisoner grievance procedure in the
     Arkansas Department of Correction and in your county jail.
     <u>Failure to complete the grievance procedure may affect your
     case in federal court.</u>

     A.   Did you present the facts relating to your complaint in
          the state or county written prisoner grievance procedure?

          Yes _____          No  X

     B.   If your answer is YES, Attach copies of the most recent
          written grievance(s)/response(s) relating to your claims
          showing completion of the grievance procedure.  <u>FAILURE
          TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL
          OF YOUR COMPLAINT.</u>

     C.   If your answer is NO, explain why not:  Disciplinary

          appeal is the available administrative remedy in this case.

          All Plaintiffs have Exhausted Administrative Remedies.

IV.  Parties

     (In item A below, place your name in the first blank and place
     your present address in the second blank.

     A.   Name of plaintiff:   Mark W. Singson

          Address:      PO BOX 500 GRADY ARKANSAS 71644

     A.(1) PLAINTIFF: Tim Wright, Po Box 500 grady Ark 71644
     A.(2) PLAINTIFF: Lewis Brooks, 2501 STATE FARM Rd
                         Tucker Ark 72168

(In item B below, place the __full__ name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

B:   Defendant:   JAMES BYERS

Position:   DISCIPLINARY JUDGE

Place of Employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: PO BOX 8707 PINE BLUFF ARKANSAS 71611


Defendant:  Mr LUCKETT

Position:   WARDEN

Place of Employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address:  PO BOX 500 GRADY ARKANSAS 71644


Defendant: Mr LAY

Position:   WARDEN

Place of Employment: ARKANSAS DEPARTMENT OF CPRRECTIONS

Address:   PO BOX 500 GRADY ARKANSAS 71644


Defendant: _____

Position: _____

Place of Employment: _____

Address: _____


Defendant: _____

Position: _____

Place of Employment: _____

Address: _____

-3-

·V.   **Statement of Claim**

State here as briefly as possible the <u>facts</u> of your case.
Describe how each defendant is involved.  Include also the
names of other persons involved, dates, and places.  Do not
give any legal arguments or cite any cases or statutes.  If
you intend to allege a number of related claims, number and
set forth each claim in a separate paragraph.  (Use as much
space as you need.  Attach extra sheets if necessary.)

There are a number of issues involved. please see attatchments.

NOTE:  At this time I am requesting a Jury trial for these

proceedings.

VI.   **Relief**

<u>State briefly exactly what you want the court to do for you.</u>
Make no legal arguments.  Cite no cases or statutes.

I am requesting  $ 100.00 per day that I was held in punitive isolation

·illegaly. I am also requesting the return of my good time as well as my

custody status be returned, I am also requesting to be moved to wrights-

ville unit. and I am asking that Judge Byers be fired and the disciptinary

~~hearing~~ rules changed to reflect current higher court rulings.

I declare under penalty of perjury (18 U.S.C. §1621) that the
foregoing is true and correct.

Executed this  15   day of  DEC,   , 2003   .

<u>Mark W Snyder</u>
                 Signature of Plaintiff

-4-

## VI. Relief,

Lewis Brooks has been placed in Tucker Max as a form of punishment and is asking for 100.00 per day for every day he has been locked up there.

Lewis Brooks is currently locked up in The Maximum Security Unit, and is locked down 23 hours per day, he believes this is an unjust retaliation and prays the court will order him returned to the Cummins Unit.

(4-2)

STATMENT OF CLAIM

ON 8-26-03 I Recieved a major disciplinary for contraband. (MARIJUANA) Marijuana was found at my work site. My job title is 19 barracks pickett man. I am in charge of 19 barracks laundry. My work station is a room eight feet wide by forteen feet long. The room containes 128 seperate compartments, each compartment is assigned to a corrisponding rack number and the inmate assigned to that rack has to come to the pickett to pick up there clean clothes. the room also containes a desk and a folding table.

I was given a disciplinary along with three other inmates assigned to work in that aeria. those inmates are brooks, wright and byers,

As I stated in my disciplinary appeal, there are a number of inmates who have access to this room throughout the day and night. the inmates assigned to work in this aeria do not have keys to lock or unlock it nor do thay control movement in or around this room.

As soon as the contraband was found I was moved from the south hall to the east hall to await disciplinary court. At this time I requested a urine analysis be taken to prove that I had not been doing drugs. that urine test was given and it showed a negative reading for any drugs.

During my wait for disciplinary court I reviewed a number of cases pertaining to contraband found inthe work aeria or common aeria that is shaired with other inmates. Durring my search I found a number of cases dealing with just that and one of those cases was a US DISTRICT COURT CASE That was directly against Judge Byers for yhe same type of case this case involved a knife found in the work aeria that was occupied by a number of inmates. I had planed on using this case as well as one other as part of my defense.

(1)

On 9-5-03 I Was taken to disciplinary court. When I entered the hearing room I told the officer that I had some documentary evidense that I would like to enter into the record and requested the use of her fax machine. the officer refused to fax the documents I requested stating it would be up to Judge Byers weather any evidense would be allowed and she was not able to go against his wishes.

At 12:40 pm Judge Byers started the hearing. He read the charges against me and asked if I would like to make a statement. I said yes , I pled not guilty to all the charges and asked to fax my documentary evidence to him. I told the Judge that part of what I was sending him was the benny cooper case. and this case was a U.S. District Court Ruling against him for the same type of case.

Judge Byers then became angry and argumentative, stating " I know all about the Benny Cooper case, this case dose ont envolve you, and it dosen't have anything to do with why you are here today."

Judge Byers refused to allow me to present any evidense in my defense and at 12:19 pm. Found me gyilty of all charges. I was sentensed to 30 days punitave isolation, a loss of 90 dats good time and a reduction in class from class 1-C to class 4.

I filed my appeal on 9-8-03, Wardens Lay and Luckett returned the appeal on or about 9-15-03, both wardens agreed with the disciplinary courts ruling.

I filed my second level appeal on 9-17-03, which was denied by James Gibson on or about October 14, 2003,

On 12-8-03, upon having my last resort of appeal process, Larry Norris found to uphold my disiciplinary proceedings and denied such appeal, thus which finalized my disiciplinary appeal process.

Upon entering punitave segration inmates loose all of there ability to move about freely. Thay are locked in a 6' X 9' cell for 23 houres a day, one hour yard call is offered at 6:00 am tell 7:00 am. If you go to the yard you are mot taken to a yard but to another cage that looks like a dog run. this cage is only slightly biger than the cell your in and there is nothing in it at all so exercise is limited to sit ups and push ups.

Mattresses are cillected at 6:30 am, and not returned untill about 8:00 pm. Durring the day inmates are forced to stand or sit on the bare concrete floor or sit on there cold steel bunk.

Reading material is prohibited. with the accecption of a bible or legal papers no books or news papers are allowed.

Visitation privileges are next to non existant, visitation is fixed to the second thursday each month or some similar day that is fixed. so if you inter punitive segration on the day after the fixed day you are out of luck.

Commissary and phone privliges are also suspended while you are in punitive isolation.

personal hygine products are not allowed. you are not allowed personal soap shampoo or deodorant, if you are out of tooth paste you are out of luck, tooth paste is handed out one time per month. Showers given on monday- wednsday and friday, you are given 10 to 15 minits.

While you are locked up in punitave isolation you are totaly at the mercy of the guards. There is no contact with the outside population, no possible way to get word to anyone in a time of need.

I Served my hole time and wes released into population it will take 6 months to reach my old status.

The foregoing is true and correct and accurate to the very best of my knowledge and understanding.

( 3 )

## CERTIFICATE OF SERVICE

I, Mark Singson, do swear under penalty of perjury that I
have placed one copy of the aforegoing "Title 42 Section 1983
Civil Lawsuit Petiton", to the clerk of the United States District
Court Clerk, at, 600 West Capitol, Little Rock, Ark, 72201.


Lincoln County      )
                    ) SS.
State Of Arkansas   )


Subscribed And Sworn To Before Me, A Notary Public on this
__17__ day of __December__2003, A.D.
__03-07-2006__ ____ A.D.              _Cherly Day_
My Commission Expires On              Notary Public


                              Respectfully Submitted,
                              _Mark W. Singson_
                              A.D.C.# 90695
                              Cummins Unit
                              P.O. Box 500
                              Grady, Ark, 71644-0500


(4)

# DISCIPLINARY
## COVER SHEET

MARK W. SINGSON    90695
LEWIS A. BROOKS    119563
TIMOTHY M. WRIGHT    118776

IN ACCORDANCE WITH:

WOLF V. McDONNELL, 418 U.S. 539, 49 S.Ct. 2936
I WOULD LIKE TO PRESENT DOCUMENTARY EVIDENCE
THAT WILL EXONERATE ME OF ALL CHARGES.

SUPPORTING CASES:

UNITED STATES DISTRICT COURT "ORDER" (UNPUBLISHED)
COOPER VS. NORRIS  CIVIL NO. PB-C-92-635

UNITED STATES SUPREME COURT  CASE
472 U.S. 445,  105 S.Ct. 2768

PAGE 1 OF 7

F-831-4

**Arkansas Department of Correction**

_CUMMINS_ Unit

# MAJOR DISCIPLINARY APPEAL FORM



PUNITIVE
ISOLATION
MARK AN "X"

Inmate _Mark W. Singson_ ADC # _90695_ Date _9-5-03_

Concerning Disciplinary Given on (date) _8-26-03_ by (officer) _Lt. Michael S. Mosley_

APPEAL TO WARDEN: (to be completed by inmate)

State reasons why conviction or punishment should be reversed or modified:

There are a number of issues involved in this appeal. Please see attachments.

Hand written appeal **Four (4)** pages
            Cases
Cooper vs. Norris   Civil No. PB-C-92-635   Unpublished
United States Supreme Court   472 U.S. 105 S.Ct. 2768, °°
              Published

Inmate's Signature: _Mark W. Singson_

---

RESPONSE FROM WARDEN: (due within ten (10) calendar days of receipt of appeal if punitive)

Affirm: _____ Reverse: _____ Modify: _____

Reasons Action Taken:

Signature: _____ Date: _____

---

NOTICE TO INMATE: If you do not agree with the warden's response, you may appeal it to the Hearing Officer Administrator. If you do not agree with the Hearing Officer Administrator's response, then you may appeal it to the Director. If you decide to appeal, then write a letter repeating your reasons why your conviction or punishment should be reversed or modified.

Color - White

Mark Singson,
Disciplinary Appeal

First, The disciplinary itself, Lt Moseley failed to link the contraband to any one person, so he charged everyone assigned to work in that aeria. Although he failed to include inmates who have direct access to the aeria where the marijuana was allegedly found. This would include 4 more Picket men two wax crew men and 8 Barracks Porters assigned to 18, 19, 20 and 21 Barracks.

Second, The disciplinary hearing, upon intering the hearing room I asked the officer to send via fax 7 pages of documentory evidence I wished to present in my defense. The officer told me it is up to the judge to deside if he will alow it into evidence.

After Judge Byers read the charges he asked if I would like to make a statment. At that time I asked him if I could introduce documentory evidence in my defense, I informed Judge Byers that part of my evidence was a U.S. District Court case, "Bennie A. Cooper v. Larry Norris" and that the case was reguarding a disciplinary he had ruled on in 1992 and was overturned by the United States District Court.

1

Judge Byers then became argumentative and said I know all about the Bennie Cooper case. That case has nothing to do with your case, and it has no baring on why you are here today.

Judge Byers refused to allow me to make an explaination nor would he allow me to enter any documents into evidence.

The law is clear in reguards to disciplinary proceedings and there are a number of supreme court cases dealing with these issues.

In Wolff v. McDonnell 418 U.S. 539 S. Ct. 2963.

Supreme court of the United States

"The inmates facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to the institutional safety or correctional goals."

Judge Byers clearly erred by not allowing me to present documentory evidence in my behalf.

Also in Wolff v. McDonnell an inmate has the right to have an impartial hearing officer preside over their disciplinary proceedings.

As soon as I informed judge Byers that I intended to use the Cooper case as part of my defense. It became his duty and obligation to step down and appoint an alternate hearing officer to adjudicate my diciplinary.

Instead judge Byers became defensive and arguementitive. Deminstrating a clear bias opinion.

Last: It is up to the disciplinary court to rely on "evidense" not assumption when desiding guilt or innocense.

The judge in this case relied on the inmates mere presents in the work aeria to support the disciplinary. When in fact there was no evidence to support a conclusion that the inmate in question possessed the marijuana or had knoledge of its existance.

Due process requires that the findings of a prison disciplinary board be supported by some evidence in the record.

See: Superintendant, Massachusetts correctional Facility vs. Hill 105 s. ct. 2768, 2773 (1985)

3

IN closing,

What concerns me more than being found guilty for a crime I did not commit is the fact that Judge Byers has a total disreguard for any athority other than his in his court room / disciplinary hearing room.

Not only is Judge Byers clearly violating Due process laws, but is also setting the Arkansas Department of corrections up for any number of law suits due to his unprofessional attitude and behavior.

I would like you to find the disciplinary against me to be without merit and voided. I would like the disciplinary and all references to it removed from my institutional file. I would like my class 1C restored as well as the return of all good time taken. I would also like to be returned to 19, Bks and have my job restored.

THANK YOU

Mark W. Simpson

CC/ CARBON
COPY

4



P.O. Box 8707
Pine Bluff, Arkansas 71611-8707
Phone: (870) 267-6999
Fax: (870) 267-6258
www.state.ar.us/doc

*honor and integrity in public service*

## Arkansas Department of Correction

---

## MEMORANDUM

TO:        Inmate M. Singson, #090695
           Cummins Unit

From:      Larry Norris, Director

Date:      December 8, 2003

RE:        Disciplinary Appeal

I am in receipt of your disciplinary appeal regarding a disciplinary you received
on 08/26/03, at 8:50 a.m., by Lieutenant M. Mosley.

After reviewing your appeal, I find that you have failed to provide any additional
evidence that would warrant modification or reversal of the disciplinary hearing
officer's decision.  Therefore, I find no reason why this disciplinary should be
reversed or amended.

Your appeal is denied.

LN/cv

cc:    Warden/Inmate File
       Hearing Officer Administrator
       File

# ADC

*honor and integrity in public service*

**Arkansas Department of Correction**

P.O. Box 8707
Pine Bluff, Arkansas 71611-8707
Phone: (870) 267-6999
Fax: (870) 267-6258
www.state.ar.us/doc

---

MEMORANDUM

TO:         Inmate M. Singson, ADC #090695, Cummins Unit

FROM:       James Gibson, Disciplinary Hearing Administrator

RE:         Major Disciplinary Appeal

DATE:       October 14, 2003

Please be advised I am in receipt of your disciplinary appeal, regarding the major disciplinary you received on 08/26/03, at 8:50 a.m., by Lieutenant M. Mosley.

After a thorough review of all the documents pertaining to this matter, I find that I must affirm the decision of the major disciplinary hearing officer.  You were allowed to make statements and call witnesses in your defense.  You were not the only inmate charged with these violations.  I do not find any reason to reverse or modify the hearing officer's decision.

If you so desire, you may appeal further to the Director of the Department of Correction.

JG(2)14eh5

cc:     Warden Lay/Inmate File
        File

# ARKANSAS DEPARTMENT OF CORRECTION
## CUMMINS UNIT
## INTER-OFFICE COMMUNICATION

**TO:**      M. Singson #90695

**FROM:**   G. Lay, Warden

**DATE:**    December 02, 2003

**RE:**      Major Disciplinary Appeal

This memo is to inform you that your letter to Mr. Hobbs
has been forwarded to my office for a response on this
matter. I can find no difference in the facts that lead to
upholding the chairman's decision on September 15, 2003.
This disciplinary is affirmed.

TO: G. LAY, WARDEN

From: MARK SINGSON 90695

RE: MAJOR DISCIPLINARY APPEAL


MR LAY, IN RESPONCE TO YOUR LETTER
DATED 12-2-03, ON 11-25-03 I SENT A
LETTER TO LARRY NORRIS REQUESTING A RESPONCE
TO MY DISCIPLINARY APPEAL, HOW MR HOBBS
CAME IN TO THE PICTURE IS BEOND ME, I
AM STILL WAITING FOR A FINAL ANSWER TO MY
APPEAL,
    YOU STATE THE CHAIRMAN ISSUED A
DECISION ON 9-15-03, WHO IS THE CHAIRMAN
AND WHAT WAS HIS RULEING, I RECIEVED NO
SUCH CORRISPONDANCE.
    PLEASE TELL ME WHO TO CONTACT TO
FINALIZE THE APPEAL PROCESS.
            THANK YOU

                Mark W Singson
                12-3-03

CC/

TO: Larry Norris

From: mark Singson   90695

RE; Disciplinary Appeal.

MR Norris, ON 10-22-03 I SENT A Disciplinary APPEAL TO Your OFFICE for A final REVIEW. I would like some TYPE of RESPONCE TO MY APPEAL AS SOON AS possible.
THANK You for Your TIME AND CONSIDERATION

RESPECTfully SUBMITTED

Mark W. Singson

11-25-03

CC/

# FINAL DISCIPLINARY APPEAL

TO: Director of the Department of corrections

From: Mark Singson 90695

I recieved a major Disciplinary on 8-26-03 I appealed to Warden Lay, then to James Gibson, both affirmed the hearing officers decision.

James Gibson sent me a letter affirming but failed to return the appeal or any supporting papers.

As I stated in my appeal I am not guilty of the charges and I do not agree with the findings of the Disciplinary court,

I am asking you to reverse the findings Return me to my job, Return my class as well as my good time, I also request 100⁰⁰ for every day I was illegaly held in punitave isolation

Mark W Singson

cc/

10-22-03

HEARING OFFICER ADMINISTRATOR
MAJOR DISCIPLINARY APPEAL

From: MARK SINGSON 90695

DEAR SIR.

IT IS CLEAR TO ME THAT NOT ONLY IS JUDGE BYERS BIASED BUT SO IS THE ACTIONS OF WARDEN LAY AND WARDEN LUCKSTT.

THESE MEN HAVE BEEN GIVEN THE OPPRITUNITY TO COMPLY WITH DUE PROCESS AND HAVE FAILED MISERABLY.

I REPEATE I HAVE NO KNOLEDGE OF ANY CONTRABAND, NOR DID I EVER HIDE ANYTHING IN MY WORK AERIA.

IN ADDITION TO MY RETURN TO CLASS 1C AND REINSTATMENT OF MY JOB, I AM ALSO ASKING FOR $100.00 PER DAY THAT I AM ILLEGALLY HELD IN PUNITIVE SEGRAGATION FOR A CRIME I DID NOT COMMITT.

RESPECTFULLY

Mark Singson

9-17-03



**P.O. Box 8707**
**Pine Bluff, Arkansas 71611-8707**
**Phone: (870) 267-6999**
**Fax: (870) 267-6258**
**www.state.ar.us/doc**

*honor and integrity in public service*

## Arkansas Department of Correction

---

## MEMORANDUM

TO:        Inmate T. Wright, #118776
           Cummins Unit

From:      Larry Norris, Director

Date:      November 7, 2003

RE:        Disciplinary Appeal

I am in receipt of your disciplinary appeal regarding a disciplinary you received
on 08/26/03, at 8:50 a.m., by Lieutenant M. Mosley.

After reviewing your appeal, I find that you have failed to provide any additional
evidence that would warrant modification or reversal of the disciplinary hearing
officer's decision.  You were found to have marijuana in your work area.
Therefore, I find no reason why this disciplinary should be reversed or amended.

Your appeal is denied.

LN/cv

cc:    Warden/Inmate File
       Hearing Officer Administrator
       File